HONORABLE JUDGE STANLEY A. BASTIAN

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR24-2027SAB-13 |
| | ) | |
| JESUS ANTONIO MIRELEZ (a/k/a "Dizzy") | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## **STATEMENT OF FACTS**

Jesus Mirelez faces a relatively lengthy prison sentence. Some of what he is facing is based on circumstances that he had control over, but some is based on circumstances that he was born into and of which he had no control over.

As noted by the presentence investigator, it appears that he suffered from discipline, which arguably bordered on child abuse, neglect, absent parents and apparent mental health issues which remain unaddressed to this day. His abuse of substances began at an early age, along with his

**DEFENDANT'S SENTENCING MEMORANDUM - 1**

**HESTER LAW GROUP, INC., P.S.**
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441
www.hesterlawgroup.com

indoctrination into the "gang" lifestyle mainly as a result of family members involvement and as an attempt to avoid bullying.

Ultimately, Mr. Mirelez is beginning to see the error of his ways, something he has not done in the past. As he states:

Dear Honorable Judge Bastian:

I want to thank you for reading my letter and giving me this moment in time. I stand here awaiting my sentencing for felon in possession of a firearm. Your Honor, I take full responsibility and accountability for my actions, though this case does not define who I am. I'm disappointed and embarrassed in myself. I've let my family, my children and my wife down. Your Honor, I'm 35 years old. I realized that at my age I can still have a good life ahead for myself. I know I'm not perfect, though I strive for perfection, even though perfection is unattainable. I've been in and out of the system and to be honest with myself, I'm getting tired of being locked up. I'm not a kid anymore. It's time to grow up. Your Honor, I have two beautiful babies, my daughter Blessany, she is 2 years old. She is my world. My son Prophecy, he is 1 years old. I have not got to meet him. I owe it all to them. These 15 months, I've been reflecting on myself and truly been digging deep down within myself. This is it, it's time for a change. I want to continue my education and pursue my business transfer degree. I'm an artist, I truly have a passion for art. Drawing has helped me express myself and free my mind. Since I've been incarcerated, I've completed several re-entry programs and educational courses. I'm determined and have started to make the necessary changes to rebuild who I am. I have a strong and solid support system, my mother Melissa and stepfather David Kennedy who has been here for me. My wife, she has been my rock, my four sisters, Liliana, Deana, Jessica and Amanda have been a solid support group that I plan to stand by me. Your Honor, I honestly want a better life, most likely re-locating where it is safe for me and my family to grow. I'm trying to make it back home to my babies as soon as possible. I want to ask and recommend if you can consider 36 months as an appropriate sentence. I truly believe this time has been different for me, not having the two beautiful people in my life, my mother and wife that have supported me through all the hardships really gave me a new moral purpose in life, the value of family; how I need my family and my family needs me. Your Honor, I acknowledge that ultimately you have the authority to sentence me to any prison term you feel that is appropriate. I want to thank you for your time your Honor.

See *Attachment "A"*.

**DEFENDANT'S SENTENCING MEMORANDUM - 2**

**HESTER LAW GROUP, INC., P.S.**
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441
www.hesterlawgroup.com

The programs/classes that Mr. Mirelez has completed are many and cover the whole gamut of topics. If it was available, Mr. Mirelez completed it. <u>See</u> *Attachment* "B". He has certainly made it apparent that when he is driven he can make decisions to make himself better, which ultimately will also benefit the greater community.

Importantly, Mr. Mirelez is not seeking to avoid punishment; nor does he downplay his actions in this case or his actions in his prior history with the state and federal court systems. He has accepted responsibility for his actions, expects to be punished, but wants to better himself to be able to better his family. He simply requests that the court consider a lesser sentence followed by supervision with appropriate counseling as part of a just punishment.

## <u>ARGUMENT</u>

As the court is aware, the first step is to determine the proper guideline calculation for the charge and then to impose a sentence sufficient to accomplish justice in the case before it. As the Ninth Circuit has noted, "[t]he over-arching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*citing* 18 U.S.C. sec 3553(a) & (a)(2))

The guidelines calculation is merely a starting point, the initial benchmark and nothing more. The court should not presume that the guidelines range is reasonable, but only that it is a single factor for the court to consider when fashioning an appropriate sentence. 520 F.3d at 991.

**DEFENDANT'S SENTENCING MEMORANDUM - 3**

**HESTER LAW GROUP, INC., P.S.**
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441
www.hesterlawgroup.com

There is no dispute as to the applicable guideline range in this case. Based on a Criminal History Category of III, the range for the firearm charge is 57 – 71 months. However, while the presentence report suggests that a range sentence is appropriate, the defense respectfully disagrees and suggests that a sentence of 36 months, to be served concurrently with the sentence to be imposed under Cause No. CR22-2099SAB is appropriate.

**I.      THE COURT SHOULD SENTENCE MR. MIRELEZ BELOW THE APPLICABLE GUIDELINE BECAUSE THE SENTENCING FACTORS THE COURT IS TO CONSIDER WEIGH IN FAVOR OF A REDUCED SENTENCE.**

Notwithstanding the applicable guideline range, great consideration should be given to granting a variance below the range. As mentioned above, sentencing has changed dramatically since the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). It is now no more than a mere beginning point in determining the appropriate sentence. In this situation, Mr. Mirelez qualifies for a variance. Although a similar result may be reached under a departure from the guidelines or a variance from the guidelines, the courts have described the difference between them as follows:

> A "departure" is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves. It is frequently triggered by a prosecution request to reward cooperation…or by other factors that take the case "outside the heartland" contemplated by the Sentencing Commission when it drafted the Guidelines for a typical offense. A "variance," by contrast, occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. sec 3553(a).

*United States v. Rangel*, 697 F.3d 795, 801 (9th Cir. 2012).

In determining whether a variance should be granted and to what extent, the court it to consider the factors set forth in 18 U.S.C. § 3553. They include:

**DEFENDANT'S SENTENCING MEMORANDUM - 4**

**HESTER LAW GROUP, INC., P.S.**
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441
www.hesterlawgroup.com

(1)    the nature and circumstances of the offense and the history
and characteristics of the defendant;

(2)    the need for the sentence imposed:

(A)    to reflect the seriousness of the offense, to promote
respect for the law, and to provide just punishment for
the offense,

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the
defendant;

(D)    to provide the defendant with needed educational or
vocational training, medical care, or other
correctional treatment in the most effective manner:

(3)    the kinds of sentences available;

…

(6)    the need to avoid sentencing disparities among defendants
with similar records who have been found guilty of similar
conduct:

(7)    the need to provide victims with restitution.

The weight the court gives to any one factor in a particular case is within its discretion.

*United States v. Gutiérrez*-Sanchez, 587 F.3d 904,908 (9th Cir. 2009).

    *1.    The nature and circumstances of the offense and the history and
characteristics of Mr. Mirelez weigh in favor of a sentence well below
the guideline range.*

The first factor to consider is the nature and circumstance of the offense and history and

characteristics of Mr. Mirelez. It goes without saying that on first blush Mr. Mirelez's criminal

history would weigh against granting a variance downward.  Certainly, standing alone, that would

be the case. But that position would ignore his upbringing, which consists of a difficult childhood,

extending into his adult years. In short, while perhaps not as bad as some individuals, it does

demonstrate that he had no real adult supervision in his early years and was pretty much left on his

**DEFENDANT'S SENTENCING MEMORANDUM - 5**

**HESTER LAW GROUP, INC., P.S.**
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441
www.hesterlawgroup.com

own. His punishment consisted of being spanked with broom sticks and electrical cords. While still young, he was charged with raising his siblings, basically being forced to give up the normal activities which is part of one's youth. It was during this time that he was indoctrinated into the gang lifestyle.

In recent times, it appeared that the only option in his mind to change his situation was to commit suicide. Thankfully, his two attempts did not succeed, perhaps a cry for help that was never made throughout his lifetime. The importance of his childhood experiences is becoming more understood in recent times.

Childhood Development experts have developed a model that takes into consideration one's adverse childhood experiences [ACEs] and its impact on an individual. The ACES include:

1. Physical Abuse;

2. Sexual Abuse;

3. Emotional Abuse;

4. Physical Neglect;

5. Emotional Neglect;

6. Parental Mental Illness;

7. Parental Substance Dependence;

8. Incarceration of a Parent;

9. Parental Separation or Divorce; &

10. Domestic Violence

More and more, courts are taking this scale into consideration when it comes to sentencing. It appears that Mr. Mirelez scores no less than a 7.

**DEFENDANT'S SENTENCING MEMORANDUM - 6**

**HESTER LAW GROUP, INC., P.S.**
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441
www.hesterlawgroup.com

Respectfully, all these factors viewed together or separately warrant a variance.

>    2.    *The need for the sentence imposed.*

The second factor the court is to consider pursuant to the guidelines is the need for the sentence imposed. In considering this factor, the court is to give a sentence that reflects the seriousness of the offense, while promoting respect for the law and to provide just punishment. Along with this, the court is to fashion a sentence that protects the public from further crimes and provides the defendant with any needed training or care in the most effective manner.

>    A.    <u>A sentence below the guidelines would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.</u>

Obviously, it is the court's ultimate responsibility to determine what is a just sentence in any given case. In determining where this factor lies in the scheme of sentencing, it is done in the context of the need for the sentence imposed. However, as noted in *Autery*, infra it does not necessarily equate that the court places a person in prison for a lengthy period. Indeed, probation, along with other penalties, including treatment, and accompanying prohibitions can certainly reflect the severity of the offense, regardless if others may differ as to the severity of the punishment the court ultimately imposes. 555 F. 3d at 875.

>    B.    <u>A shorter sentence with attached conditions will more than aid in deterring criminal conduct.</u>

Adequate deterrence can be achieved in a number of ways. In this situation, punishment, while encouraging mental health and drug treatment will be adequate to deter criminal conduct.

\*\*\*

\*\*\*

**DEFENDANT'S SENTENCING MEMORANDUM - 7**

**HESTER LAW GROUP, INC., P.S.**
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441
www.hesterlawgroup.com

C.    The need to protect the public from further crimes by the defendant
       and provide the treatment Mr. Mirelez needs.

Pursuant to 18 U.S.C. § 3553(a)(2)(B) and (C), one of the considerations is to protect the public from further crimes of the defendant and to deter future criminal conduct. Based on his criminal history alone, this would appear to weigh in favor of a lengthier sentence. However, as stated above, as acknowledged by the presentence investigator, what he really needs is treatment. But, that treatment needs to address not only his drug addiction, but also his trauma—the two are inextricably tied together. This combination will perhaps better protect the public in the long run.

4. *Avoiding Unwanted Sentencing Disparities.*

It is unclear at this stage what direction the majority of the other co-defendants will go; thus, it is a little more difficult to address this factor. What is accurate, however, is that Mr. Mirelez's situation is very different than the large majority of the defendants. His one charge of money laundering that was dismissed as part of this plea, involved no more than $5,000.00. Additionally, the charge to which he has pleaded guilty essentially did not involve the "gang" that is being prosecuted in this case. As such, his conduct is materially different.

5. A sentence of no more than 36 months would do justice in this case.

Ultimately, as in all cases, this court needs to consider what is a just sentence in this case, taking into consideration those statutory factors listed above. The court should look at the totality of circumstances in determining what is reasonable, with a greater variance being supported by a more significant justification than a minor one. *Carty*, at 991-92. The court is in a "superior position" to make this determination, so long as the sentence is substantively reasonable. *See*

**DEFENDANT'S SENTENCING MEMORANDUM - 8**

**HESTER LAW GROUP, INC., P.S.**
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441
www.hesterlawgroup.com

*United States v. Autery*, 555 F. 3d 864 (9th Cir. 2009). A significant variance requested on behalf of

Mr. Mirelez is not without precedence.

      In *Autery*, the Ninth Circuit upheld a probationary sentence in a possession of child

pornography case over the objections of the government. The court held that the sentence was

substantively reasonable after the district court considered all the factors listed above. In giving the

district court the deference that the law requires, the court noted:

> … appellate courts must "give due deference to the district
> court's decision that the § 3553(a) factors, on a whole, justify
> the extent of the variance." *Gall*, 128 S.3Ct. at 597. This
> deference is required because the sentencing judge" is in a
> superior position to find facts and judge their import under §
> 3553(a) in the individual case, the judge sees and hears the
> evidence, makes credibility determinations, has full knowledge
> of the facts and gains insights not conveyed by the record." *Id.*
> "The sentencing judge has access to, and greater familiarity
> with, the individual case and the individual defendant before
> him than the Commission or the appeals court." *Id.* At 597-98
> (citing *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2454.
> 2469 , 167 L.Ed.2d 203 (2007)). Moreover, "[d]istrict courts
> have an institutional advantage over appellate courts in making
> these sorts of determinations, especially as they see so many
> more Guidelines sentences than appellate courts do." *Id.* (citing
> *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct.. 2035, 135
> L.Ed.2d 392 (1996)). In arriving at a sentence, a district court
> need not expressly state how each of the § 3553(a) factors to
> show that it has considered them." *Carty*, 520 F.3d at 992.
> Instead, appellate courts "assume that district judges know the
> law and understand their obligation to consider all of the §
> 3553(a) factors, not just the guidelines." *Id.* (citing *Walton v.
> Arizona*, 497 U.S. 639, 653, 110 S.Ct. 3047, 111 L.Ed.2d 511
> (1990)).

555 F.3d at 872-73.   After reviewing the district court's reasoning in addressing the above factors,

the court affirmed the probationary sentence, which was no less than 14 levels below the applicable

guideline range.

**DEFENDANT'S SENTENCING MEMORANDUM - 9**

Nor is *Autery* an "outlier". The Ninth Circuit again upheld a probationary sentence in a bank fraud case against the wishes of the Government. *See United States v. Edwards*, 595 F. 3d 1004 (9th Cir. 2010). The range in *Edwards* was 27-33 months. Additionally, the defendant had prior convictions for the same conduct.

A total sentence of 36 months will amount to a variance of 21 months from the low end of the applicable range. Based on Mr. Mirelez's history that variance is not unreasonable and addresses all of the factors the court is to consider pursuant to the guidelines.

## CONCLUSION

Based on the files and records herein, Mr. Mirelezl respectfully requests that the court sentence him to a term of no more than 36 months to be served concurrently with the sentence of the companion case.  Under the circumstances of this case, taking into consideration his life situation, this sentence would serve the interests of justice, protect the public and allow him to receive the punishment and treatment that he so dearly needs.

RESPECTFULLY SUBMITTED this 23rd day of July, 2025.

HESTER LAW GROUP, INC. P.S.

Wayne C. Fricke, WSBA #16550
Attorney for Defendant, Jesus Mirelez
*wayne@hesterlawgroup.com*

**DEFENDANT'S SENTENCING MEMORANDUM - 10**

HESTER LAW GROUP, INC., P.S.
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441
www.hesterlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the plaintiff and co-defendants, if any, and hereby certify that I have mailed the document by U.S. Postal Service to defendant.

DATED this 23rd day of July, 2025.

_____
Sarah H. Leighton

**DEFENDANT'S SENTENCING MEMORANDUM - 11**



Dear Honorable Judge Bastian,

I want to thank you for reading my letter and giving in this moment and time. I stand here awaiting my sentencing for felon in possession of a firearm. Your Honor I take full responsibility and accountability for my actions though this case does not define who I am. I'm disappointed and embarrased in myself I've let my family, my children and my wife down Your Honor I'm 35 years old I realized that at my age I can still have a good life ahead for myself. I know I'm not perfect, though I strive to perfection, even though perfection is unattainable I've been in and out the system and to be honest with myself I'm getting tired of being locked up I'm not a kid anymore it's time to grow up. Your Honor, I have two beautiful babies, my daughter Blossom she is 2 years old she is my World, my son Prophecy he is 1 years old I have not got to meet him. I owe it all to them. These 15 months, I've been reflecting on myself and truly been digging deep within myself, this is it, it's time for a change I want to continue my education and pursue my business transfer degree. I'm an artist, I truly have a passion for art. Drawing has helped me express myself and free my mind, since I've been incar-cerated I've completed several re-entry programs and educational courses I am determined and have started to make the necessary changes to rebuild who I am I have a strong and solid support system my mother Melissa and step father David Kennedy who has been here for me, my wife she has been my rock, my

four sisters Liliana, Deana, Jessica and Amanda have been a solid support group that plan to stand by me. Your Honor, I honestly want a better life, most likely re-locating where it is safe for me and my family to grow. I'm trying to make it back home to my babies as soon as possible. I want to ask and recommend if you can consider 36 months as an appropriate sentence, I truly believe this time has been different for me, not having the two beautiful people in my life, my mother and wife that have supported me through all the hardships really gave me a new moral purpose in life, The value of family; how I need my family and my family needs me. Your Honor I acknowledge that ultimately you have the authority to sentence me to any prison term you feel that is appropriate, I want to thank you for your time Honor.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

Grow with Google: Create a Collage in Google Drawings

**SCORE:** Passed

All course requirements were successfully met in order to earn a 'Passed' Certificate of Completion.

April 23, 2025
Date

President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.

**EXHIBIT**

B



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Learn Your Strengths from Shining Light

SCORE: Passed

All course requirements were successfully met in order to earn a "Passed" Certificate of Completion.

May 10, 2025
Date



President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Math - Algebra I

**SCORE:** Passed

All course requirements were successfully met in order to earn a "Passed" Certificate of Completion.

May 18, 2025
Date

President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Job Seeking with a Criminal Record

**SCORE:** Passed

All course requirements were successfully met in order to earn a 'Passed' Certificate of Completion.

May 29, 2024
_____
Date

_____
President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Anger Management

**SCORE:** Passed

All course requirements were successfully met in order to earn a 'Passed' Certificate of Completion.

June 15, 2024

Date

President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Introduction to Electrical Studies

SCORE: Passed

All course requirements were successfully met in order to earn a 'Passed' Certificate of Completion.

June 11, 2025

Date

President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Career Exploration: Construction Industry

SCORE: Passed

All course requirements were successfully met in order to earn a 'Passed' Certificate of Completion.

June 11, 2025

Date

President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Career Exploration: Human Services

**SCORE:** Passed

All course requirements were successfully met in order to earn a "Passed" Certificate of Completion

June 11, 2025
_____
Date

_____
President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

Bottom Line Reasons to Hire the Formerly Incarcerated

**SCORE:** Passed

All course requirements were successfully met in order to earn a "Passed" Certificate of Completion.

June 11, 2025

Date

President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Career Exploration: Manufacturing

SCORE: Passed

All course requirements were successfully met in order to earn a "Passed" Certificate of Completion.

June 11, 2025
_____
Date

_____
President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Career Exploration: Health Science

**SCORE:** Passed

All course requirements were successfully met in order to earn a "Passed" Certificate of Completion

June 14, 2025

Date

President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Career Exploration: Information Technology

SCORE: Passed

All course requirements were successfully met in order to earn a "Passed" Certificate of Completion.

June 15, 2025
_____
Date

_____
President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## Career Exploration: Hospitality and Tourism

**SCORE:** Passed

All course requirements were successfully met in order to earn a 'Passed' Certificate of Completion.

June 15, 2025
_____
Date

_____
President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

## Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

## In the Courtroom

SCORE: Passed
All course requirements were successfully met in order to earn a "Passed" Certificate of Completion.

June 15, 2025
Date

President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.



# CERTIFICATE OF COMPLETION

PRESENTED TO

Jesus Mirelez

FOR SUCCESSFUL COMPLETION OF

JavaScript as a Second Language

SCORE: Passed

All course requirements were successfully met in order to earn a "Passed" Certificate of Completion.

June 22, 2024

Date

President of Edovo

This certificate is not equivalent to course credit, milestone, earned time credit, certification, or a degree. We also do not verify the identity of the Learner.